**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Harold Greenberg and Edith Greenberg, husband and wife; and Harold & Edith Greenberg Family Revocable Trust Dated 12-4-9,<br><br>Plaintiffs,<br><br>vs.<br><br>Fireman's Fund Insurance Company, a California corporation,<br><br>Defendant. | No. CV-07-1554-PHX-DGC<br><br>**ORDER** |

Defendant has filed a motion to dismiss, stay, or transfer pursuant to Rules 12(b)(3), 12(b)(7), and 19 of the Federal Rules of Civil Procedure. Dkt. #6. Plaintiffs have responded and Defendant has replied. Dkt. ##14, 16. The Court will grant the motion to dismiss pursuant to Rule 12(b)(7) for failure to join a necessary and indispensable party under Rule 19.[1]

**I.     Background.**

On April 18, 2006, a yacht owned by Plaintiff Harold Greenberg, an Arizona resident,

---

[1] The request for oral argument is denied because the parties have briefed the law and evidence and oral argument will not aid the Court's decision. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

sailed from Mexico to Southern California with crew members Mark and Sue Saunders, California residents. An accident occurred and Mr. Saunders died. Mr. Greenberg held multiple insurance policies, one of which was a personal excess insurance policy with Defendant Fireman's Fund Insurance Company ("Fireman's Fund"), a California corporation.

Four different lawsuits have been filed – three in California and this case in Arizona. Mr. Greenberg filed a complaint in admiralty in the United States District Court for the Southern District of California seeking to establish that he had no personal liability for the accident ("Maritime Action"). Mrs. Saunders and the Estate of Mark Saunders responded by filing a wrongful death action against Mr. Greenberg in the United States District Court for the Central District of California ("Wrongful Death Action"). Fireman's Fund then filed a declaratory judgment action in the United States District Court for the Southern District of California naming Mr. Greenberg, his wife Edith, and Mrs. Saunders as parties and seeking a determination of the extent to which the Fireman's Fund policy covers damages in the Maritime and Wrongful Death Actions ("California Declaratory Judgment Action"). The Greenbergs then filed this declaratory judgment action naming only Fireman's Fund as a party. As the Greenbergs concede, this action raises the same legal issues as the California Declaratory Judgment Action.

**II.  Analysis.**

Rule 12(b)(7) allows dismissal of an action for failure to join a necessary and indispensable party under Rule 19. "The application of Rule 19 entails a practical two-step inquiry. First, a court must determine whether an absent party should be joined as a 'necessary party' under subsection (a). Second, if the court concludes that the nonparty is necessary and cannot be joined for practical or jurisdictional reasons, it must then determine under subsection (b) whether in 'equity and good conscience' the action should be dismissed because the nonparty is 'indispensable.'" *Va. Sur. Co. v. Northrop Grunman Corp.*, 144 F.3d 1243, 1247 (9th Cir. 1998). Defendant argues that Mrs. Saunders is a necessary and indispensable party under Rule 19. Dkt. #6. The Court agrees.

Rule 19(a) states that a nonparty is necessary if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may, as a practical matter, impair the person's ability to protect that interest or leave any of the persons already parties subject to a risk of incurring multiple or inconsistent obligations by reason of the claimed interest. Fed. R. Civ. P. 19(a).

A claimant in Mrs. Saunders' position generally is a necessary party in a declaratory judgment action brought to determine insurance coverage for the claim. *See U.S. Fire Ins. Co. v. The Milton Co.*, 938 F. Supp. 56, 57 (D.D.C. 1996) (citing *Md. Cas. Co. v. Pac Coal & Oil Co.*, 312 U.S. 270 (1941)); *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 354 n.5 (3d Cir. 1986) ("[I]n a declaratory judgment proceeding involving an [insurance] policy, an injured person is a 'necessary and proper' party.") (citation omitted); *U.S. Fidelity & Guar. Co. v. Ditoro*, 206 F. Supp. 528, 532-33 (M.D. Pa. 1962) (the injured party is "a necessary and proper party because the injured party has a material interest in the outcome of the suit"); *Georgia-Pacific Corp. v. Sentry Select Ins. Co.*, No. 05-CV-826-DRH, 2006 WL 1525678, at *8 (S.D. Ill. May 26, 2006) ("[W]hen dealing with an issue of insurance coverage, the underlying claimants are necessary parties, whether the declaratory judgment action is filed by the insured or the insurer.").

A decision in this case that coverage does not exist under the Fireman's Fund policy could affect Mrs. Saunders' ability to recover damages should she prevail in the Wrongful Death Action. The outcome in this case also could be inconsistent with the outcome of the California Declaratory Judgment action, which predated this case and involves the same coverage issues. Mrs. Saunders is a necessary party under Rule 19(a) both because she has an interest relating to the subject of this suit and her absence may, as a practical matter, impair her ability to protect that interest, and because her absence subjects the Greenbergs and Fireman's Fund to a risk of inconsistent judgments in the two declaratory judgment actions that concern coverage of the Fireman's Fund policy. *See* Fed. R. Civ. P 19(a)(2); *Ranger Ins. Co. v. United Housing of N.M., Inc.*, 488 F.2d 682, 683 & n.3 (5th Cir. 1974)

(finding "nonsensical" the insureds' argument that a declaration regarding coverage would have no practical effect upon the injured party given the possibility of the injured party obtaining a judgment against the insureds); *Am. Standard Ins. Co. of Wis. v. Rogers*, 123 F. Supp. 2d 461, 467 (S.D. Ind. 2000) (an injured party is a "'person needed for just adjudication' as described in Rule 19" in a declaratory judgment action arising from an occurrence between the insured and injured party); *Md. Cas. Co.*, 312 U.S. at 274 (finding that an actual controversy existed between the injured party and the insurer where "the federal court, in a judgment not binding on [the injured party], might determine that the [insurer] was not obligated under the policy, while the state court, in a supplemental proceeding brought by [the injured party] against [the insurer], might conclude otherwise").

Because Mrs. Saunders is a necessary party, the Court is required to join her as a party if feasible. Fed. R. Civ. P. 19(a). Such joinder is not feasible. Jurisdiction in this case is based on diversity of citizenship. Dkt. #1.[2] A federal court loses subject matter jurisdiction if complete diversity of citizenship is destroyed. Given that Mrs. Saunders is a California resident and Fireman's Fund is a California corporation, joining Mrs. Saunders would destroy diversity of citizenship and deprive the Court of jurisdiction under 28 U.S.C. § 1332. *See Gorsuch v. Fireman's Fund Ins. Co.*, 360 F.2d 23, 27 (9th Cir. 1966).

Having concluded that joinder of Mrs. Saunders is not feasible, the Court must determine whether Mrs. Saunders is an indispensable party under Rule 19(b) – whether the case should not in equity and good conscience proceed without her. The Court finds that Mrs. Saunders is indispensable. As noted above, a decision in this case could substantially reduce her ultimate recovery in the Wrongful Death Action. *See Va. Sur.*, 144 F.3d at 1248 ("'[I]n an action to set aside a lease or a contract, all parties who may be affected by the determination of the action are indispensable.'") (citation omitted). Moreover, it is impractical to shape a decision that would substantially lessen the risk of prejudice given

---

[2]The Declaratory Judgment Act, 28 U.S.C. § 2201, does not by itself confer federal question jurisdiction under 28 U.S.C. § 1331. *See Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1161 (9th Cir. 2005); *Jarrett v. Resor*, 426 F.2d 213, 216 (9th Cir. 1970).

Mrs. Saunders' absence from this suit. Finally, because the same legal issues exist in the California Declaratory Judgment Action, the Greenbergs have "an adequate remedy available despite the dismissal of the instant suit." *Id.* at 1249. The Court accordingly concludes that Mrs. Saunders is indispensable and that this action must be dismissed. *See Rogers*, 123 F. Supp.2d at 468 (finding the underlying claimant an indispensable party under Rule 19(b) because an incomplete and prejudicial judgment was unavoidable if the claimant was not a party to the case); *Rauscher*, 807 F.2d at 354 & n.5 (same).[3]

**IT IS ORDERED:**

1. Defendants Fireman's Fund Insurance Company's motion to dismiss (Dkt. #6) is **granted**.

2. The Clerk is directed to **terminate** this action.

DATED this 15th day of November, 2007.

*David G. Campbell*
David G. Campbell
United States District Judge

---

[3] The Greenbergs cite two old cases in support of their argument. *Connolly v. Great Basin Insurance. Co.*, 431 P.2d 921 (Ariz. Ct. App.1967), involved the application of state law, not the Federal Rules of Civil Procedure, and specifically noted that "under the new Rule 19" the trial court "would have a duty to cause the injured party to be joined in the action 'if feasible.'" 431 P.2d at 928 n.2. *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102 (1968), made clear that there is no bright line rule for determining whether a party is indispensable; rather, the particular facts of each case must be considered. *Id.* at 118-119. The procedural posture of this case distinguishes it from *Patterson*, where the Supreme Court analyzed the parties' interests after a final disposition had been made in a single declaratory judgment action. The facts giving rise to this case, by contrast, have led to the filing of three other actions in California. Because the California Declaratory Judgment Action addresses the same issues raised in this case, there is a risk of inconsistent judgments. The California Declaratory Judgment Action also provides an available forum in which all interested parties may obtain relief.